# In re X-K-, Respondent

*Decided May 4, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who is initially screened for expedited removal under section 235(b)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1)(A) (2000), as a member of the class of aliens designated pursuant to the authority in section 235(b)(1)(A)(iii), but who is subsequently placed in removal proceedings under section 240 of the Act, 8 U.S.C. § 1229a (2000), following a positive credible fear determination, is eligible for a custody redetermination hearing before an Immigration Judge unless the alien is a member of any of the listed classes of aliens who are specifically excluded from the custody jurisdiction of Immigration Judges pursuant to 8 C.F.R. § 1003.19(h)(2)(i) (2004).

FOR RESPONDENT: Benjamin Cox, Esquire, San Antonio, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Juan Carlos Rodriguez, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MOSCATO, and PAULEY, Board Members.

GRANT, Board Member:

This is one of several appeals filed by the Department of Homeland Security ("DHS") in which it contends that Immigration Judges lack jurisdiction to redetermine the custody status of aliens in the respondent's circumstances. The DHS argues that an alien who has initially been considered for removal under the expedited removal proceedings of section 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1) (2000), as a member of the class of aliens designated pursuant to the authority in section 235(b)(1)(A)(iii), but who has been placed in removal proceedings under section 240 of the Act, 8 U.S.C. § 1229a (2000), following a positive credible fear determination, remains under its exclusive custody jurisdiction pursuant to section 235(b)(1) of the Act and is not eligible for a bond redetermination hearing before an Immigration Judge.[1] We disagree.

Immigration Judges have custody jurisdiction over aliens in section 240 removal proceedings, with specifically designated exceptions. *See* 8 C.F.R.

---

[1] We will grant the DHS's Motion to Accept a Late Filing as a matter within our discretion. 8 C.F.R. § 1003.3(c) (2004). Our consideration of the late brief did not significantly delay our decision in the case, and because we are dismissing the DHS's appeal, the respondent has not been prejudiced.

§ 1236.1(c)(11) (2004).  The regulations at 8 C.F.R. § 1236.1(d) provide that after the DHS has made an initial custody determination, a respondent in section 240 removal proceedings may seek a change in custody status at any time before he is subject to a final removal order.  The regulation specifically states that until there is a final removal order in the section 240 removal proceedings, Immigration Judges have jurisdiction "to exercise the authority in section 236 of the Act . . . to detain the alien in custody, release the alien, and determine the amount of bond . . . as provided in § 1003.19."  8 C.F.R. § 1236.1(d)(1).  Specific classes of aliens that are excluded from the Immigration Judges' general custody jurisdiction are listed in 8 C.F.R. § 1003.19(h)(2)(i) (2004).  However, that list does not include aliens, such as the respondent, who have been placed in section 240 removal proceedings after having been initially screened and detained for expedited removal as "certain other aliens" pursuant to the authority in section 235(b)(1)(A)(iii) of the Act.

The DHS maintains that such aliens remain within its exclusive custody jurisdiction because of their status as aliens who originally came into its custody for processing under section 235 expedited removal proceedings.  By way of background, the DHS, through the authority granted at section 235(b)(1)(A) of the Act, may screen two classes of aliens for expedited removal: "arriving aliens," as defined in 8 C.F.R. § 1001.1(q) (2004), and "certain other aliens," as designated by the Secretary of Homeland Security in his discretion.[2]  *See* sections 235(b)(1)(A)(i), (iii)(I) of the Act; 8 C.F.R. §§ 1235.3(b)(1)(i), (ii) (2004).  There is no question that Immigration Judges lack jurisdiction over arriving aliens who have been placed in section 240 removal proceedings, because they are specifically listed at 8 C.F.R. § 1003.19(h)(2)(i)(B) as one of the excluded categories.

The class of aliens who are subject to expedited removal under section 235(b)(1) as "certain other aliens" is designated by the Secretary of Homeland Security by the publication of a notice in the Federal Register.  *See* 8 C.F.R. § 1235.3(b)(1)(ii).  Pursuant to his statutory and regulatory authority, the Secretary of Homeland Security, on August 11, 2004, published such a notice designating the class of "certain other aliens" as follows:

> Aliens who are inadmissible under sections 212(a)(6)(C) or (7) of the Act, who are physically present in the U.S. without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, who are encountered by an immigration officer within 100 air miles of any U.S. international land border, and who have not established to the satisfaction of an immigration officer that they have been

---

[2]  This authority was transferred from the Attorney General to the Secretary of Homeland Security as designated under the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.  *See* Notice Designating Aliens For Expedited Removal, 69 Fed. Reg. 48,877, 48,878 (Aug. 11, 2004).

physically present in the U.S. continuously for the 14-day period immediately prior to the date of encounter.

Notice Designating Aliens For Expedited Removal, 69 Fed. Reg. 48,877, 48,880 (Aug. 11, 2004). For purposes of deciding the legal issue before us, we will assume that the respondent falls within the designated class as claimed by the DHS.[3]

As a general matter, the Act provides for the immediate removal, without further review, of aliens who are subject to section 235(b)(1) expedited removal proceedings. Section 235(b)(1)(A)(i) of the Act; *see also* 8 C.F.R. § 1235.3(b)(2)(ii). However, where, as here, an alien has either indicated a desire to apply for asylum or has expressed a fear of persecution, the alien may not be immediately removed and must be referred to an asylum officer for a credible fear interview. Sections 235(b)(1)(A)(i), (ii) of the Act; 8 C.F.R. § 1235.3(b)(4).

In this case, the asylum officer determined that the respondent demonstrated a credible fear of persecution and complied with the regulatory requirement of issuing a Notice to Appear (Form I-862) for full consideration of the respondent's asylum and withholding of removal claims in section 240 removal proceedings. 8 C.F.R. § 1208.30(f) (2004). There is no authority to issue a Notice and Order of Expedited Removal (Form I-860) in these circumstances.

In cases where the asylum officer determines that the alien does not have a credible fear, the alien may request review of the negative credible fear determination with an Immigration Judge in proceedings under 8 C.F.R. § 1208.30(g). In such cases, the alien is served with a Notice of Referral to Immigration Judge (Form I-863). In these proceedings, the Immigration Judge's jurisdiction is limited to review of the asylum officer's negative credible fear determination. 8 C.F.R. § 1208.30(g). If the Immigration Judge agrees with the asylum officer that the respondent has not established a credible fear, the expedited removal order is given effect. If the Immigration Judge finds that a credible fear has been established, however, the expedited removal order is vacated, and if the alien is not a stowaway, the DHS may initiate section 240 removal proceedings in which the alien may apply for asylum and withholding. 8 C.F.R. § 1208.30(g)(2)(iv)(B).

Therefore, once there is a final positive credible fear determination, whether that determination became final upon the asylum officer's initial positive credible fear determination, or upon the Immigration Judge's reversal of a negative one, an alien is no longer subject to a section 235(b)(1) expedited removal order.

---

[3] However, the respondent's argument, i.e., that the bond record, as constituted before the Immigration Judge, contained no documentary evidence showing that the respondent was apprehended, inspected, and screened for expedited removal under section 235(b)(1) of the Act, is well taken.

The Act provides for the mandatory detention of aliens who are being processed under section 235(b)(1) proceedings "*pending* a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Section 235(b)(1)(B)(iii)(IV) of the Act (emphasis added). The regulations also provide that *pending* the final credible fear determination, the DHS has the authority to grant parole under section 212(d)(5) of the Act, 8 U.S.C. § 1182(d)(5) (2000), in certain limited circumstances. 8 C.F.R. §§ 1212.5(a), (b), 1235.3(b)(4)(ii) (2004).[4]

However, the expedited removal provisions in section 235(b)(1) of the Act and its implementing regulations provide no specific guidance regarding the custody jurisdiction over an alien in the "certain other aliens" class after there has been a final determination that the respondent has a credible fear and section 240 proceedings have been initiated. Indeed, the language in the Act itself does not require that such aliens be placed in full section 240 removal proceedings. However, there is legislative history suggesting that this comports with the intent of Congress. *See* H.R. Conf. Rep. No. 104-828, at 209 (1996) ("If the officer finds that the alien has a credible fear of persecution, the alien *shall be detained for further consideration of the application for asylum under normal non-expedited removal proceedings.*" (Emphasis added.)). The requirement that aliens who had initially been screened for expedited removal be placed in full section 240 removal proceedings after a final positive credible fear determination is clearly stated in the regulations. *See* 8 C.F.R. §§ 1208.30(f), 1235.6(a) (2004).

The DHS argues that notwithstanding the fact that the respondent is now in "normal non-expedited removal proceedings" under section 240 of the Act and thus cannot have an expedited removal order entered against him, even if he does not prevail on his applications for relief, it nonetheless retains exclusive custody jurisdiction over the respondent. The Act is silent, the legislative history suggests otherwise, and we are not persuaded that there is regulatory authority for the DHS's position that such aliens are not eligible for a bond hearing before an Immigration Judge. H.R. Conf. Rep. No. 104-828, at 209.

As discussed earlier, the regulations allow Immigration Judges to exercise the general custody authority of section 236 of the Act, 8 U.S.C. § 1226 (2000), over aliens in section 240 removal proceedings. 8 C.F.R. §§ 1003.19(h)(2), 1236.1(c)(11), (d). We agree with the Immigration Judge

---

[4] We interpret the reference to the DHS's continuing parole authority in 8 C.F.R. § 1208.30(f) as pertaining only to stowaways. That reference is in the sentence immediately following the sentence requiring that a stowaway with a positive credible fear determination be referred to an Immigration Judge for "asylum only" proceedings. Stowaways are consistently treated differently from other aliens throughout section 235 and its implementing regulations, and they are not entitled to be placed in section 240 removal proceedings, even after a final positive credible fear determination. *See* section 235(a)(2) of the Act; 8 C.F.R. §§ 1208.2(c)(1)(ii), 1208.30(g)(2)(iv)(B), (C), 1235.1(d)(4) (2004).

that the respondent does not fit within any of the specified classes of aliens in removal proceedings who may not have their custody status redetermined by an Immigration Judge. For example, as noted above, arriving aliens in removal proceedings are specifically excluded from the custody jurisdiction of Immigration Judges by 8 C.F.R. § 1003.19(h)(2)(i)(B). There is nothing in the general detention provisions in 8 C.F.R. §§ 1003.19 and 1236.1 excluding the class of aliens that the DHS has designated as "certain other aliens," even though, like arriving aliens, they also may have initially been screened for expedited removal under section 235(b)(1) of the Act.

Likewise, in the regulations implementing section 235(b)(1) of the Act itself, there is a specific statement that "arriving aliens" who are placed in section 240 removal proceedings "shall be detained in accordance with section 235(b) of the Act" and may only be considered for parole under 8 C.F.R. § 1212.5(b). *See* 8 C.F.R. § 1235.3(c). Again, there is no parallel provision pertaining to "certain other aliens" who were initially screened for expedited removal, but who are in removal proceedings pursuant to a final positive credible fear determination. This regulation does lend support to the DHS's position that section 235(b) provides the detention authority for certain aliens in section 240 removal proceedings. However, it applies only to arriving aliens and is therefore consistent with the specific limit placed on the custody jurisdiction of Immigration Judges by 8 C.F.R. § 1003.19(h)(2)(i)(B).

The absence of a parallel provision to 8 C.F.R. § 1235.3(c) addressing the custody jurisdiction over "certain other aliens" who are placed in removal proceedings leaves us with a regulatory gap. However, we are bound to follow the regulations published at Title 8, Chapter V of the Code of Federal Regulations, entitled Executive Office for Immigration Review, Department of Justice. The gap in those regulations is not filled by language published in the Department of Homeland Security's August 11, 2004, notice in the Federal Register regarding the Immigration Judge's authority to conduct bond redeterminations. *See* Notice Designating Aliens for Expedited Removal, 69 Fed. Reg. at 48,877-81. The DHS relies on language in paragraph (4) of this notice, which states the following:

> Aliens detained pursuant to the expedited removal proceedings under section 235 of the Act *(including those aliens who are referred after a positive credible fear determination to an immigration judge for proceedings under section 240 of the Act) are not eligible for bond, and therefore not eligible for a bond redetermination before an immigration judge*.

*Id.* at 48,880-81 (emphasis added).

Section 235(b)(1)(A)(iii) of the Act and 8 C.F.R. § 1235.3(b)(1)(ii) grant to the Secretary of Homeland Security the discretionary authority to make changes in his designation of which aliens will be included in the class of "certain other aliens" who may be screened for expedited removal pursuant to section 235(b)(1)(A) of the Act by publication of such a notice. However,

those provisions do not expressly alter the jurisdiction conferred by the regulations on Immigration Judges to redetermine the custody status of aliens in removal proceedings.

We find that under the current regulations, the Immigration Judge did not act outside of her general custody jurisdiction over aliens in removal proceedings. 8 C.F.R § 1236.1(d)(1). For many of the aliens who belong to the class of aliens designated pursuant to section 235(b)(1)(A)(iii) of the Act, the recency of their arrival and their apprehension by immigration officials so close to our borders may prove to be an indicator that they lack a stable address and work history, family ties, or other favorable factors to support a discretionary release on bond. Others, however, may have been living, working, and raising a family in the United States for many years, but were either absent for some part of the 14 days preceding their apprehension by the DHS or were unable to provide adequate evidence to prove their continuous physical presence for that period. Some aliens may demonstrate to the Immigration Judge a strong likelihood that they will be granted relief from removal and thus have great incentive to appear for further hearings. Immigration Judges must assess these and other traditional discretionary bond factors with respect to "certain other aliens," who were initially considered for expedited removal, in the same manner as other aliens who are within the Immigration Judges' general custody jurisdiction in removal proceedings. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999).

We will affirm the Immigration Judge with respect to her determination that she has custody jurisdiction over the respondent. However, the annotated custody order is inadequate to serve as a proper bond memorandum because it fails to articulate the factors considered by the Immigration Judge in reaching her conclusions that the respondent has met his burden of proving that he does not pose a danger or a flight risk, and that a $3,000 bond condition is sufficient to ensure his presence at future proceedings.[5] *See generally Matter of A-P-*, 22 I&N Dec. 468 (BIA 1999). Accordingly, we will vacate the Immigration Judge's release order and remand the record for a full bond memorandum and decision.

**ORDER:** The appeal of the Department of Homeland Security is dismissed with respect to the jurisdictional issue.

**FURTHER ORDER:** The November 15, 2004, release order of the Immigration Judge is vacated. The record is remanded to the Immigration Court for further proceedings consistent with this decision, and for the entry of a new decision.

---

[5] The Board's authority to make new findings of fact on appeal is limited by 8 C.F.R. § 1003.1(d)(3)(iv) (2004).