# Matter of Q. LI, Respondent

*Decided May 15, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b) (2018), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a) (2018).

(2) An alien detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), who is released from detention pursuant to a grant of parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A) (2018), and whose grant of parole is subsequently terminated, is returned to custody under section 235(b) pending the completion of removal proceedings.

FOR THE RESPONDENT: Baolin Chen, Esquire, Portland, Oregon

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; GOODWIN, Appellate Immigration Judge. Concurring Opinion: MULLANE, Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The respondent appeals the Immigration Judge's December 30, 2024, order denying her request for custody redetermination.[1] The Immigration Judge concluded that he lacks jurisdiction to consider the respondent's request for release on bond because she is detained under section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2)(A) (2018). On appeal, the respondent argues that the Immigration Judge erred in concluding that she is detained pursuant to section 235(b) and instead argues that she is eligible for release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a) (2018). Because we conclude that the respondent is detained under section 235(b)(2)(A), we will dismiss her appeal.

---

[1] A bond memorandum dated January 24, 2025, sets forth the reasons for the Immigration Judge's order.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 27, 2022, the respondent, a native and citizen of the People's Republic of China, crossed the southern border of the United States without being inspected and admitted or paroled.  A Department of Homeland Security ("DHS") officer encountered her approximately 5.4 miles away from a designated port of entry and 100 yards north of the border.  The respondent told the officer that she lacked any documents allowing her to legally enter or remain in the United States.  The officer arrested her without a warrant and took her to a processing center.  The next day, DHS released the respondent from detention into the United States on parole pursuant to section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A) (2018).  As a condition of the parole grant, the respondent was required to regularly report to a DHS field office.

On October 30, 2024, Interpol informed DHS that a Red Notice had been issued seeking the respondent's arrest because she is wanted in Spain for travel document forgery and human smuggling crimes.  When the respondent reported to a DHS field office for a scheduled appointment on November 25, 2024, DHS officers took her into custody and issued her a notice to appear for removal proceedings and a notice of custody determination.  The notice to appear charged the respondent with removability under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than that designated by the Attorney General.  The respondent requested a custody redetermination, which the Immigration Judge denied.  The present appeal followed.

## II. DISCUSSION

The Immigration Judge denied the respondent's request for custody redetermination because he concluded that she is detained under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and thus ineligible for release on bond.  On appeal, the respondent argues that she is not detained under section 235(b) but is instead detained under section 236(a) of the INA, 8 U.S.C § 1226(a), and is therefore eligible for release on bond.  Whether the respondent is eligible for release on bond is a legal determination the Board reviews de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a

proceeding under section 240." An "applicant for admission" is defined, in relevant part, as an alien "who arrives in the United States []whether or not at a designated port of arrival." INA § 235(a)(1), 8 U.S.C. § 1225(a)(1). An alien, like the respondent, "who tries to enter the country illegally is treated as an 'applicant for admission.'" *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (quoting INA § 235(a)(1), 8 U.S.C. § 1225(a)(1)). The Supreme Court of the United States has clarified that "an alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry,'" and is in the same position as an alien seeking admission at a port of entry. *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).

Similarly, we have held, in other contexts, that the term "arriving" applies to aliens, like the respondent, "who [are] apprehended" just inside "the southern border, and not at a point of entry, on the same day [they] crossed into the United States." *Matter of M-D-C-V-*, 28 I&N Dec. 18, 23 (BIA 2020). Thus, the respondent is an alien "who arrives in the United States" under section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1).[2]

DHS may place aliens arriving in the United States in either expedited removal proceedings under section 235(b)(1) of the INA, 8 U.S.C. § 1225(b)(1), or full removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a (2018). For those placed in expedited removal proceedings who are referred to an Immigration Judge for consideration of their asylum application, section 235(b)(1)(B)(ii) of the INA, 8 U.S.C. § 1225(b)(1)(B)(ii), requires detention until the final adjudication of the asylum application. *See Matter of M-S-*, 27 I&N Dec. 509, 516 (A.G. 2019). Likewise, for aliens arriving in and seeking admission[3] into the United States who are placed directly in full removal proceedings, section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), mandates detention "until removal proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

---

[2] Because the respondent is an "alien . . . who arrives in the United States" under section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1), we need not decide whether she is an "arriving alien" as defined by 8 C.F.R. § 1001.1(q) (2025), and thus ineligible for bond under 8 C.F.R. § 1003.19(h)(2)(i)(B) (2025). Section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1), has broader applicability than does the term "arriving alien" as defined in the regulation. *See Matter of M-S-*, 27 I&N Dec. 509, 518 (A.G. 2019) ("Section 1003.19(h)(2)(i) . . . does not provide an exhaustive catalogue of the classes of aliens who are ineligible for bond.").

[3] Applicants for admission "who are not *actually* requesting permission to enter the United States in the ordinary sense are nevertheless deemed to be 'seeking admission' under the immigration laws." *Matter of Lemus*, 25 I&N Dec. 734, 743 (BIA 2012).

The respondent argues on appeal that rather than section 235(b), she is detained under section 236(a) of the INA, 8 U.S.C. § 1226(a). While section 235(b) provides authority to detain aliens arriving in the United States, section 236(a) of the INA, 8 U.S.C. § 1226(a), authorizes DHS to arrest and detain aliens on a warrant pending a decision on their removal from the United States. Subject to certain exceptions contained in section 236(c) of the INA, 8 U.S.C § 1226(c), aliens detained under section 236(a) may be eligible for discretionary release on bond pursuant to section 236(a)(2) of the INA, 8 U.S.C. § 1226(a)(2).

Unlike aliens detained under section 236(a), aliens arriving in the United States who are detained under section 235(b)(1) or (b)(2) are ineligible for release on bond because both provisions "mandate detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 298. Thus, consistent with the holding in *Matter of M-S-*, 27 I&N Dec. at 515–16, that aliens initially placed in expedited removal proceedings are subject to mandatory detention until the conclusion of any further immigration proceedings, we hold that an applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a).[4]

The only exception permitting the release of aliens detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), is the parole authority provided by section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). *See Jennings*, 583 U.S. at 300. When parole granted by DHS is terminated, "the alien shall forthwith return or be returned to the custody from which he was paroled." INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); *see also*

---

[4] Once an alien is detained under section 235(b), DHS cannot convert the statutory authority governing her detention from section 235(b) to section 236(a) through the post-hoc issuance of a warrant. The Supreme Court has recognized that it would make "little sense" to read section 235(b) and section 236(a) as authorizing DHS to "detain an alien without a warrant at the border" but then requiring DHS "to issue an arrest warrant in order to continue detaining the alien" once removal proceedings have commenced. *Jennings*, 583 U.S. at 302. The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued. *See* 8 C.F.R. § 236.1(b)(1) (2025). Indeed, the Supreme Court has recognized that a warrant issued under section 236(a) is one "leading to the alien's arrest." *Jennings*, 583 U.S. at 302.

8 C.F.R. § 212.5(e)(2)(i) (2025) (providing that when parole granted to an alien is terminated "he or she shall be restored to the status that he or she had at the time of parole"). Accordingly, an alien detained under section 235(b) who is released from detention pursuant to a grant of parole under section 212(d)(5)(A), and whose grant of parole is subsequently terminated, is returned to custody under section 235(b) pending the completion of removal proceedings.

We are unpersuaded by the respondent's argument that she is eligible for bond because she was never placed in expedited removal proceedings and was instead placed directly in full removal proceedings. The respondent was initially arrested by DHS without a warrant pursuant to section 287(a)(2) of the INA, 8 U.S.C. § 1357(a)(2) (2018), less than 100 yards north of the southern border as she tried to illegally enter the United States.[5] Section 236(a) "applies to aliens already present in the United States" and "authorizes detention *only* '[o]n a warrant issued' by the Attorney General leading to the alien's arrest." *Jennings*, 583 U.S. at 302–303 (emphasis added) (quoting INA § 236(a), 8 U.S.C. § 1226(a)); *see also Matter of M-S-*, 27 I&N Dec. at 515 ("Section 236, however, permits detention only on an arrest warrant issued by the Secretary."). By contrast, section 235(b) "applies primarily to aliens seeking entry into the United States" and authorizes DHS to "detain an alien without a warrant at the border." *Jennings*, 583 U.S. at 297, 302. As an alien arrested without a warrant while arriving in the United States, the respondent's continued detention is mandated by section 235(b) of the INA, 8 U.S.C. § 1225(b), regardless of whether DHS elected to pursue expedited removal under section 235(b)(1) or place her directly in full removal proceedings pursuant to section 235(b)(2)(A).

While DHS' grant of parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), allowed for the respondent's temporary release from custody, it was automatically terminated when she was served with a notice to appear. *See* 8 C.F.R. § 212.5(e)(2)(i). Once the grant of parole was terminated, she was required to "forthwith return or be returned to the custody" under section 235(b) "from which [she] was paroled." INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). Since she was placed directly in full removal proceedings rather than expedited removal, section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), requires that she remain

---

[5] This provision gives immigration officers and DHS employees the power, as relevant here, "to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens." INA § 287(a), 8 U.S.C. § 1357(a).

detained "until removal proceedings have concluded." *Jennings*, 583 U.S. at 299.

## III. CONCLUSION

For the foregoing reasons, and following the Attorney General's reasoning in *Matter of M-S-*, 27 I&N Dec. at 515–19, we conclude that the respondent, an applicant for admission who was arrested without a warrant while arriving in the United States and thereafter placed in removal proceedings, is detained under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), until the conclusion of removal proceedings. She is therefore ineligible for bond. Thus, the respondent's appeal of the Immigration Judge's bond determination will be dismissed.

**ORDER:** The appeal is dismissed.

*CONCURRING OPINION:* Hugh Mullane, Appellate Immigration Judge

An "arriving alien" may be released from custody pursuant to the Secretary of Homeland Security's immigration parole authority under section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A) (2018). The grant of immigration parole to the respondent confirms her status as an arriving alien. Pursuant to regulation, "an immigration judge *may not* redetermine conditions of custody" for "[a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." 8 C.F.R. § 1003.19(h)(2)(i)(B) (2025) (emphasis added). I would dismiss the respondent's appeal on this basis.